UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC DIETRICH, DANNY MEEKS and EMPIRE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IROQUOIS MASTER FUND LTD., <br><br> Defendant. | CASE NO. 1:21-CV-6167 <br><br> **COMPLAINT** |

Plaintiffs Isaac Dietrich ("Dietrich"), Danny Meeks ("Meeks"), and Empire Services, Inc. ("Empire") (collectively, "Plaintiffs") for their complaint against defendant, Iroquois Master Fund, Ltd. ("Iroquois" or "Defendant"), allege as follows:

### INTRODUCTION

1. In this action, Plaintiffs seek a judgment from the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to declare that there is no arbitration agreement entered into between Plaintiffs, on the one hand, and Iroquois, on the other hand, pursuant to a warrant issued by MassRoots, Inc. ("MassRoots") that was subsequently purchased by Iroquois from a third party (the "Warrant"). Despite that none of the Plaintiffs is a party to the Warrant and the arbitration provision contained therein, Iroquois has served Plaintiffs with a demand for arbitration (the "Demand") seeking, *inter alia*, damages of not less than $12 million. Iroquois's Demand against Plaintiffs is invalid and a declaratory judgment stating as such is necessary and appropriate at this time under the circumstances so that the respective rights and obligations of the parties can be ascertained. *See Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 943 F.3d 568, 587 (2d Cir. 2019) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (quoting *United Steelworkers of Am. v. Warrior &*

*Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)).

## PARTIES

2. Plaintiff Dietrich is an individual and the founder and CEO of MassRoots, who resides in Los Angeles, California.

3. Plaintiff Meeks is an individual and the founder and President of Empire, as well as the current President and Chairman of MassRoots, and resides in Portsmouth, Virginia.

4. Plaintiff Empire is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Portsmouth, Virginia.

5. Iroquois is, upon information and belief, a corporation organized under the laws of the Cayman Islands with its principal place of business at 125 Park Avenue, 25th Floor, New York, New York, 10017.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims herein under 28 U.S.C. § 1332 in that complete diversity of citizenship exists between Plaintiffs, on the one hand, and Iroquois, on the other hand, and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Iroquois in that Plaintiffs are informed and believe and on that basis allege that Iroquois' principal place of business is within the State of New York and within this District and Iroquois transacts business within the State of New York.

8. Venue in this District is proper pursuant to 18 U.S.C. § 1391.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

10. On July 21, 2017, MassRoots issued the Warrant, which Iroquois subsequently purchased from an unrelated third-party in 2019. A true and exact copy of the Warrant is attached as **Exhibit 1**.

11. Paragraph 14 of the Warrant sets forth an arbitration clause which provides that "[t]he parties hereto will submit all disputes arising under this Agreement to arbitration in Denver, Colorado before a single arbitrator of the American Arbitration Association (the 'AAA')."

12. On June 30, 2021, Iroquois emailed a Demand for Arbitration ("Demand") to counsel for Plaintiffs. A true and exact copy of the Demand is attached as **Exhibit 2**. Iroquois's Demand alleges breach of contract and various related state law claims against MassRoots and Plaintiffs, and seeks, *inter alia*, damages in an amount not less than $12 million.

13. The sole basis for Iroquois's position that it is entitled to arbitrate against Plaintiffs is the arbitration clause contained in the Warrant.

14. None of the Plaintiffs is a party to the Warrant or to the arbitration clause contained therein. Iroquois has no arbitration agreement with Plaintiffs.

15. If Plaintiffs were required to arbitrate this matter, they would suffer irreparable harm by virtue of having to defend against claims that are not properly in arbitration and which may not be brought by Plaintiffs.

16. Based on the foregoing, an "actual controversy" exists between Plaintiffs and Iroquois as to whether Plaintiffs are contractually obligated to arbitrate against Iroquois pursuant

to the Warrant.  *See* 28 U.S.C. §§ 2201, 2202.

## COUNT ONE

### (Declaratory Relief)

17. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 16 above, as though fully set forth herein.

18. The Court has authority pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

19. An actual controversy has arisen and now exists between Plaintiffs and Iroquois as to whether Iroquois has any rights under the Warrant to pursue arbitration against Plaintiffs.

20. The Court's declaration of rights would settle the legal relations at issue.

21. The Court's declaration of rights would resolve uncertainty giving rise to these proceedings.

22. Pursuant to the plain language of the Warrant, the Court should declare that Iroquois has no arbitration agreement with Plaintiffs and is not entitled to compel them to arbitration.

## COUNT TWO

### (Injunctive Relief)

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 22 above, as though fully set forth herein.

24. Plaintiffs have a reasonable probability of securing the declaratory relief sought herein.

25. Forcing Plaintiffs to arbitrate Iroquois's claims through the AAA proceeding where

no agreement to arbitrate exists would cause Plaintiffs irreparable harm. *See Tellium, Inc. v. Corning Inc.*, No. 03 CIV. 8487 (NRB), 2004 WL 307238, at *3 (S.D.N.Y. Feb. 13, 2004) ("Compelling arbitration of a matter not properly subject to arbitration constitutes 'per se irreparable harm.'") (internal citation omitted).

26. The immediate and irreparable harm may be prevented only by injunctive relief.

27. Plaintiffs do not otherwise have a plain, speedy, and adequate remedy at law.

28. Injunctive relief will preserve the status quo pending trial on the merits.

29. The granting of injunctive relief is consistent with the public interest and the balance of equities favor the entry of injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. That the Court enter judgment declaring that Plaintiffs are not required to submit to arbitration claims asserted by Defendant against them, and that the arbitration tribunal lacks jurisdiction to hear such matter; and

B. That the Court issue a preliminary and permanent injunction preventing Defendant from proceeding with the arbitration sought in the Demand, or any arbitration related to the Warrant or otherwise against Plaintiffs;

C. That the Court award to Plaintiffs their reasonable attorneys' fees, costs, and all other relief that the Court deems just and proper.

DATED: New York, New York
July 19, 2021

Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: s/ David B. Gordon
    David B. Gordon (DG 0010)
    Lillian J. Lee (LL 4491)
    dbg@msk.com
    l2l@msk.com
    437 Madison Avenue, 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

*Attorneys for Plaintiffs*